UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Progressive Specialty Insurance Company,

      Plaintiff,

v.                                                                                    Civ. No. 04-4016 (JNE/SRN)
                                                                                      ORDER
Alys Maas, Kenneth C. Maas, and
Richard Kaiser,

      Defendants.

---

Patrick J. Larkin, Esq., Lind, Jensen, Sullivan & Peterson, P.A., appeared for Plaintiff Progressive Specialty Insurance Company.

Beth Bussian, Esq., Suk Law Firm, Ltd., appeared for Defendant Richard Kaiser.

---

This is an action for declaratory relief brought under the Court's admiralty and maritime jurisdiction. *See* 28 U.S.C. § 1333 (2000). Progressive Specialty Insurance Company (Progressive) seeks a declaration that a policy it issued to Alys and Kenneth Maas does not provide Uninsured Boater Coverage for damages arising out of injuries Richard Kaiser sustained while water-skiing behind the Maases' boat. The case is before the Court on Progressive's Motion for Summary Judgment. For the reasons set forth below, the Court grants the motion. [1]

## I.   BACKGROUND

### A.   Policy provisions

Effective August 26, 2002, Progressive issued Policy No. 31017742-0, a policy of marine insurance, to the Maases. The Policy includes Uninsured Boater Coverage:

---

[1]     Progressive also referred to Underinsured Boater Coverage in its Complaint. At the motion hearing, Progressive clarified that it sought a declaration regarding Uninsured Boater Coverage. The Court resolves the motion accordingly.

Subject to the Limits of Liability, if **you** pay a premium for Uninsured Boater Coverage, **we** will pay for damages, other than punitive or exemplary damages, which an **insured person** is entitled to recover from the owner or operator of an **uninsured watercraft** because of bodily injury:

1.    sustained by an **insured person**;

2.    caused by **accident**; and

3.    arising out of the ownership, maintenance, or use of an **uninsured watercraft**.

The Policy's definition of "insured person" includes "any person **occupying** a **covered watercraft**." "Occupying" means "in, on, entering, or exiting a **watercraft** while it is in water or while it is in the process of being launched or removed from water." An "uninsured watercraft" includes "a hit-and-run **watercraft** whose operator or **owner** cannot be identified and which strikes . . . a **covered watercraft**."

**B.    The accident**

On August 8, 2003, Mr. Maas was driving his boat, insured by Progressive, on backwaters of the Mississippi River near Winona, Minnesota. Kaiser was water-skiing behind the boat. Mr. Maas turned his boat to the left and another boat whose owner or operator was never identified turned to the right. Mr. Maas completed his turn. As Kaiser was completing his turn, he encountered waves where the wakes of the two boats met, fell as he passed over them, and injured his right leg.

Faced with a claim that the Policy's Uninsured Boater Coverage applies to Kaiser's injuries, Progressive brought this action. Progressive now moves for summary judgment.

## II.    DISCUSSION

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as

to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party satisfies its burden, Rule 56(e) requires the nonmoving party to respond by submitting evidentiary materials that designate "specific facts showing that there is a genuine issue for trial."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  In determining whether summary judgment is appropriate, a court must look at the record and any inferences to be drawn from it in the light most favorable to the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Progressive asserts it is entitled to summary judgment because the unidentified boat was not an "uninsured watercraft" and because Kaiser was not an "insured person."  Where, as here, no federal admiralty rule addresses the issues raised, state law governs disputes arising under a marine insurance contract.  *Assicurazioni Generali S.P.A. v. Black & Veatch Corp.*, 362 F.3d 1108, 1111 (8th Cir. 2004) (citing *Wilburn Boat Co. v. Fireman's Fund Ins. Co.*, 348 U.S. 310, 316-21 (1955)).  Progressive and Kaiser agree the applicable state law is that of Minnesota.  "When interpreting an insurance contract, words are to be given their natural and ordinary meaning and any ambiguity regarding coverage is construed in favor of the insured."  *Am. Family Ins. Co. v. Walser*, 628 N.W.2d 605, 609 (Minn. 2001).

Progressive maintains the unidentified boat was not an "uninsured watercraft" because it struck neither the Maases' boat nor Kaiser himself.  Kaiser responds that the Policy's definition of "uninsured watercraft" does not contain a physical-contact requirement, that a contrary

interpretation is void as a matter of public policy, and that the unidentified boat struck him and the Maases' boat with its wake.

As noted above, the Policy defines "uninsured watercraft" as "a hit-and-run **watercraft** whose operator or **owner** cannot be identified and which strikes . . . a **covered watercraft**." In the context of motor vehicles, the term "hit-and-run" is "synonymous with a vehicle involved in an accident causing damages where the driver flees from the scene, regardless of whether or not physical contact between that vehicle and the insured's automobile occurs." *Halseth v. State Farm Mut. Auto. Ins. Co.*, 268 N.W.2d 730, 733 (Minn. 1978). Were the Policy's definition of "uninsured watercraft" limited to unidentified "hit-and-run" watercraft, Kaiser's assertion that an uninsured watercraft need not make physical contact with a covered watercraft might prevail. To be an "uninsured watercraft," however, a "hit-and-run" watercraft must also "strike" a covered watercraft. The plain meaning of "strike" is to come into contact or collision. *Webster's Third New Int'l Dictionary* 2262 (1993). Accordingly, a watercraft must itself contact a covered watercraft to be "uninsured." This interpretation is in accord with the "cardinal rule of [contractual] construction that any interpretation which would render a provision meaningless should be avoided on the assumption that the parties intended the language used by them to have some effect." *Indep. Sch. Dist. No. 877 v. Loberg Plumbing & Heating Co.*, 123 N.W.2d 793, 799-800 (Minn. 1963). The Court turns to Kaiser's argument that this interpretation is void as a matter of public policy.

The sole case Kaiser cites to support his contention that the interpretation of "uninsured watercraft" is void as a matter of public policy is *Halseth.* In that case, the Minnesota Supreme Court held an automobile liability insurance policy that required "physical contact as a precondition of hit-and-run coverage impermissibly restrict[ed] the coverage intended by [the

uninsured-motorist statute], and therefore [was] void as in contravention of that statute and the public policy of [Minnesota]."   268 N.W.2d at 733.   In other words, the uninsured-motorist statute expressed the state's public policy.   *See id.*; *U.S. Fid. & Guar. Co. v. Fruchtman*, 263 N.W.2d 66, 72-73 (Minn. 1978) (holding an insurance policy that imposed a physical-contact requirement did not violate the state's public policy as expressed in an earlier version of the uninsured-motorist statute).   In this case, neither Progressive nor Kaiser directs the Court to any authority that governs the issuance of uninsured boater coverage in a policy of marine insurance. Kaiser does not dispute Progressive's assertion that Minnesota law does not speak to the issue. The Court notes that Minnesota does not mandate uninsured boater coverage, *see* Minn. Stat. § 169.798, subd. 3 (2004), and discerns no public policy that renders the physical-contact requirement in the Policy's definition of "uninsured watercraft" void.

Kaiser contends this conclusion yields an absurd result—a provision is void as applied to automobiles, yet a nearly identical provision is not void as applied to boats.   He cites a case that stands for the general proposition that courts do not construe insurance contracts so strictly as to lead to an absurd result, *see Employers Mutual Liability Insurance Co. of Wisconsin v. Eagles Lodge of Hallock, Minn.*, 165 N.W.2d 554, 556 (Minn. 1969), but does not explain why the distinction between automobiles and boats is absurd.   Minnesota law does not support Kaiser's apparent contention that boats should be treated the same as motor vehicles under the Minnesota No-Fault Automobile Insurance Act.   *See* Minn. Stat. § 169.798, subd. 3 ("No owner of a boat . . . shall be required by the commissioner of public safety to furnish evidence that the security required by section 65B.48 has been provided."); *cf.* Minn. Stat. §65B.42 (2004) (statutory purpose is to relieve distress of victims of automobile accidents); *Dougherty v. State Farm Mut. Ins. Co.*, 699 N.W.2d 741, 743 (Minn. 2005) (same); *Mut. Serv. Cas. Ins. Co. v. League of Minn.*

*Cities Ins. Trust*, 659 N.W.2d 755, 762 (Minn. 2003) (holding that a marked patrol car is not a "motor vehicle" under the Act and recognizing that "use of the plain meaning of 'motor vehicle' will result in a class of accident victims being uncompensated under the Act").

Having concluded the Policy's definition of "uninsured watercraft" is neither absurd nor in violation of Minnesota's public policy, the Court applies it. As set forth above, an "uninsured watercraft" necessarily makes contact with a covered watercraft. In this case, it is undisputed that the unidentified boat did not collide with the Maases' boat. Nor did the unidentified boat make contact with Kaiser, assuming that he was "occupying" the Maases' boat when injured. Accordingly, the unidentified boat was not an "uninsured watercraft."[2] The Policy's Uninsured Boater Coverage therefore does not apply to damages arising out of Kaiser's injuries.

### III.    CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1.    Progressive's Motion for Summary Judgment [Docket No. 14] is GRANTED.

2.    Policy No. 31017742-0 does not provide Uninsured Boater Coverage for damages arising out of Kaiser's injuries on August 8, 2003.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 7, 2005

s/ Joan N. Ericksen_____
JOAN N. ERICKSEN
United States District Judge

---

[2]    Having concluded the unidentified boat was not an "uninsured watercraft," the Court need not consider Progressive's argument that Kaiser was not an "insured person" because he was not "occupying" the Maases' boat.